E. L. REID,                              )
                                         )        **Davidson Chancery**
        **Plaintiff/Appellant,**         )        **No. 96-26-II**
                                         )
VS.                                      )
                                         )
**GOVERNOR DON SUNDQUIST, et. al.,** )           **Appeal No.**
                                         )        **01A01-9709-CH-00494**
        **Defendants/Appellees.**        )

**FILED**

**February 27, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

**APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY**
**AT NASHVILLE, TENNESSEE**

**HONORABLE CAROL L. McCOY, CHANCELLOR**

E. L. Reid, #203343
N.W.C.C.
Route 1, Box 660
Tiptonville, TN 38079
ATTORNEY FOR PLAINTIFF/APPELLANT

Sohnia W. Hong, #17415
Assistant Attorney General
426 Fifth Avenue North
Nashville, TN 37243-0488
ATTORNEY FOR DEFENDANTS/APPELLEES

**MODIFIED, AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| | |
|---|---|
| **E. L. REID,** | ) |
| | )     **Davidson Chancery** |
|     **Plaintiff/Appellant,** | )     **No. 96-26-II** |
| | ) |
| **VS.** | ) |
| | ) |
| **GOVERNOR DON SUNDQUIST, et. al.,** | )     **Appeal No.** |
| | )     **01A01-9709-CH-00494** |
|     **Defendants/Appellees.** | ) |

# O P I N I O N

The petitioner, E. L. Reid, has appealed from a judgment of the Trial Court entered on August 13, 1996, dismissing his petition for review of the results of two disciplinary hearings before an administrative board of the State Department of Correction.

Appellant submits thirteen "issues" which are essentially inquiries regarding disciplinary rules of the Department of Correction.

In reality, the sole issue which this appeal presents is whether the Trial Court erred in dismissing appellant's petition for review. Although some of the defendants were dismissed because they were not proper parties, the dispositive issue as to all defendants is whether the petition, filed on January 4, 1996, was timely. Its prayer is for relief from an order of a disciplinary board, but the date of said order and the identification of the board is not stated in the petition. Attached to the petition is a copy of a letter from the warden of the prison where petitioner is confined, dated June 16, 1995, and denying petitioner's appeal in respect to discipline received. This will be taken as the final order of the administrative authority. The petition for review was filed in the Trial Court on January 4, 1996, over six months after the administrative order.

The defendant, Governor Don Sundquist, Donal Campbell, Warden Morgan moved to dismiss for failure to state a claim for which relief can be granted. The memorandum of law mentioned in the motion is not included in this record.

The Trial Court sustained the defendant's motion to dismiss and dismissed the petition with prejudice. The order of the Trial Court waived costs in that court without stating the legal authority for doing so.

Warden Robert Conley adopted the motion to dismiss of other defendants and was dismissed on November 16, 1996.

TCA § 27-9-102 provides that judicial review of administrations must be sought within 60 days after final administrative action. Petitioner waited six months to file his petition. It was properly dismissed.

Petitioner asserts that his constitutional rights to due process were violated. However, the United States Supreme Court has held that procedural regulations promulgated for the conduct of disciplinary proceedings do not endow prisoners with a liberty interest which entitles them to the protections of due process in those proceedings. *Sandin v. Conner*, 515 US 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

In *Sandin*, Mr. Conner complained that he was found guilty of misbehavior and sentenced to thirty days of disciplinary segregation without the opportunity to present witnesses in his own defense. The Court found that the punishment imposed was within the normal incidents of prison life, and that it is only where the punishment "imposes a typical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that such a liberty interest might arise.

In the present case, Mr. Reid was found guilty of two charges of possession of a deadly weapon, and ten days of punitive segregation was imposed for each disciplinary infraction, for a total of twenty days. Mr. Reid claimed that he was innocent of the charges, and that he was the victim of a conspiracy by correctional officials to prevent him from pursuing a remedy for the abuse that he has been subjected to in prison. The question of the alleged abuse is not before this court, but

insofar as Mr. Reid's appeal is based upon lack of due process in disciplinary proceedings, it is clear that the trial court did not err in dismissing that claim.

-4-

The judgment of the Trial Court is modified to adjudge all costs against the petitioner. As modified, the judgment is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for entry and enforcement of the modified judgment.

## MODIFIED, AFFIRMED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WALTER W. BUSSART, JUDGE